United States District Court
Southern District of Texas
**ENTERED**
May 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARCUS LANE DOWNIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00306 |
| | § | |
| MICHAEL WINNIE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CASE**

Plaintiff Marcus Lane Downie, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that: (1) Plaintiff's claims for money damages against **Nueces County Assistant District Attorney Michael Winnie** in his official capacity be **DISMISSED** as barred by the Eleventh Amendment; (2) Plaintiff's claims seeking habeas relief against **Nueces County Assistant District Attorney Michael Winnie** be **DISMISSED** without prejudice to Plaintiff raising them in a separate federal habeas corpus action only after he has exhausted available state court remedies; (3) Plaintiff's remaining claims against **Bill Bonilla** and **Nueces County Assistant District Attorney Michael Winnie** in his individual capacity be **DISMISSED**

**with prejudice** as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and (4) the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

## I.   JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.   PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff sues the following defendants in this action: (1) Nueces County Assistant District Attorney Michael Winnie (Winnie); and (2) private attorney Bill Bonilla (Bonilla). (D.E. 1, p. 3).  While not entirely clear from Plaintiff's complaint, Plaintiff appears to be confined as a pretrial detainee at the Nueces County Jail in Corpus Christi, Texas.  (*Id.* at 2).  Plaintiff also appears to reference certain state criminal charges that were brought against him in Nueces County.  (*Id.* at 4-5).  As best as the Court can glean from his original complaint, Plaintiff claims that Defendants have failed to cause his pending charges to be dismissed.  (*Id.* at 6-7).  Plaintiff specifies, however, that he only seeks monetary relief. (*Id.* at 8).

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury.  *See* 28 U.S.C. § 1915(g).

By Order entered on April 7, 2022, the undersigned provided Plaintiff an opportunity to file a more definite statement of his claims.  (D.E. 18).  The undersigned directed Plaintiff to answer certain questions or directives by first copying the questions or directives as posed and then supplying an answer to each question or directive.  (*Id.* at 3-4).  On May 6, 2022, after noting that Plaintiff had failed to date to comply with the Order for More Definite Statement, the undersigned ordered Plaintiff to show cause why his lawsuit should not be dismissed for want of prosecution.  (D.E. 21).  Plaintiff was instructed that he could successfully comply with the Show Cause Order by submitting a More Definite Statement.  (*Id.* at 1-2).

On May 16, 2022, Plaintiff filed a response to the Show Cause Order.  (D.E. 22).  While Plaintiff did not answer all the questions posed to him in the Order for More Definite Statement, the undersigned construes his response as his More Definite Statement.  Plaintiff states that he is being held against his will at the Nueces County Jail under a "felony indictment of which holds no merit."  (*Id.* at 3).  Plaintiff alleges that Defendants have each ignored important evidence and committed other misconduct in order to falsely convict Plaintiff on his pending felony charges.  (*Id.* at 3-4).  Plaintiff claims that his constitutional rights have been violated by Defendants, who are conspiring to withhold evidence "to get a falsified conviction."  (*Id.* at 5).

## III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."  *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."

*Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable.  *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation.  *Twombly*, 550 U.S. at 555.  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed.  *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties.  *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.   DISCUSSION

### A.  Defendant Bonilla and Conspiracy

Plaintiff effectively challenges Bonilla's performance as Plaintiff's court-appointed attorney in his Nueces County criminal proceeding.  Bonilla's alleged conduct and/or deficient performance in the criminal proceeding, however, did not occur under the color

of state law.  *See Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (holding that a public defender does not act under color of state law when performing a lawyer's traditional functions as defendant's attorney in a criminal case); *Mills v. Criminal Dist. Court, No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (concluding that court-appointed counsel are not official state actors); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (recognizing that retained counsel does not act under color of state law).

With regard to Plaintiff's allegation that Bonilla and Assistant District Attorney Winnie conspired in Plaintiff's pending Nueces County criminal proceeding to ignore evidence, Plaintiff fails to state a § 1983 claim.  Under certain circumstances, "the existence of a conspiracy between a prosecutor and retained or appointed counsel may give rise to an actionable claim against the attorney . . . ."  *Johnson v. Knox*, No. 3:07-CV-0170, 2007 WL 1975597, at *3 (N.D. Tex. Jul. 5, 2007) (citing *Tower v. Glover*, 467 U.S. 914, 920 (1984) and *Wyatt v. Cole*, 994 F.3d 1113, 1118 (5th Cir. 1993)).

To state a claim for conspiracy under § 1983, a plaintiff must allege that defendant "had 'an agreement to commit an illegal act which resulted in the plaintiff's injury.'"  *Hay v. City of Irving*, 893 F.2d 796, 799 (5th Cir. 1990) (quoting *Thomas v. City of New Orleans*, 687 F.2d 80, 83 (5th Cir. 1982)).  Conclusory allegations will not suffice.  *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992).  Plaintiff's allegation of a conspiracy entered into by Defendants are conclusory as he fails to identify an agreement between Bonilla and Winnie to deprive Plaintiff of a fair criminal proceeding and trial.  Plaintiff's bare allegation of a conspiracy, therefore, is insufficient to state an actionable claim.

Accordingly, the undersigned respectfully recommends that Plaintiff's: (1) § 1983 claims against Bonilla be dismissed as frivolous and/or failure to state a claim for relief because he is not a state actor; and (2) Plaintiff's conspiracy claim against Defendants be dismissed as frivolous and/or for failure to state a claim for relief.

### B.  Defendant Winnie

#### *(1) Claims Seeking Dismissal of Charges*

While not expressly requested, the undersigned liberally construes Plaintiff's complaint and More Definite Statement as seeking dismissal of the pending Nueces County felony charges and release from the Nueces County Jail.  "The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief." *Gray v. Guerrero*, No. A-21-CV-762, 2021 WL 4438144, at *2 (W.D. Tex. Sep. 28, 2021) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)).

"To warrant habeas relief under section 2241, a state petitioner must be in custody and must have exhausted all available state remedies.  *Id.* (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973)).  "Although exhaustion of state court remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. § 2254(b), Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Id.* (citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) and *Brown v. Estelle*,

530 F.2d 1280, 1284 (5th Cir. 1976)).   In other words, "federal habeas relief should not be used as a 'pre-trial motion forum for state prisoners.'"   *Id.* (quoting *Braden*, 410 U.S. at 493).

Plaintiff alleges nothing to suggest that he has exhausted his state court remedies with respect to his constitutional claims against Winnie.   Accordingly, the undersigned respectfully recommends that Plaintiff's claims seeking habeas relief against Winnie be dismissed without prejudice to Plaintiff raising them in a separate federal habeas corpus action only after he has exhausted available state court remedies.

### (2) *Claims Seeking Damages*

Texas district attorneys like Winnie are considered agents of the state and are, therefore, immune from claims for damages in their official capacities under the Eleventh Amendment.   *See Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Gray*, 2021 WL 4438144, at *2.   Thus, to the extent that Plaintiff sues Winnie in his official capacity, such claims are barred by the Eleventh Amendment and subject to dismissal.

Plaintiff claims for damages against Winnie in his individual capacity are barred by prosecutorial immunity.   Prosecutors enjoy immunity from civil actions for damages under § 1983.   While § 1983 has no express provision granting absolute immunity to certain state officials, it is well settled that Congress intended that the immunity available at common law for prosecutors should still apply to suits for damages against those officials under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976).

Prosecutors are absolutely immune from suit for actions taken "in preparation for the initiation of judicial proceedings or for trial, and which occur in the course of a prosecutor's role as an advocate for the state . . . ." *Singleton v. Cannizzaro*, 956 F.3d 773, 779 (5th Cir. 2020) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).  Plaintiff's allegations against Winnie indicate he acted in the course of his employment performing prosecutorial functions in the initiation and carrying through of judicial proceedings against Plaintiff.  *See Gray*, 2021 WL 4438144, at *2 (citing *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994).  Accordingly, the undersigned respectfully recommends that Plaintiff's claims for damages against Winnie in his individual capacity be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

## V.     RECOMMENDATION

For the reasons stated above and for purposes of §§ 1915A and 1915(e)(2), the undersigned recommends that: (1) Plaintiff's claims for money damages against **Nueces County Assistant District Attorney Michael Winnie** in his official capacity be **DISMISSED** as barred by the Eleventh Amendment; (2) Plaintiff's claims seeking habeas relief against **Nueces County Assistant District Attorney Michael Winnie** be **DISMISSED** without prejudice to Plaintiff raising them in a separate federal habeas corpus action only after he has exhausted available state court remedies; and (3) Plaintiff's remaining claims against **Bill Bonilla** and **Nueces County Assistant District Attorney Michael Winnie** in his individual capacity be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1).

The undersigned respectfully recommends further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on May 18, 2022.

Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).